In re Jesse **HALPERIN**, SSN 087–18–8034, Debtor.

No. C–B–86–00170.

United States Bankruptcy Court, W.D. North Carolina, Charlotte Division.

Nov. 13, 1987.

Forrest Donald Bridges, Shelby, N.C., for debtor.

Rodney S. Maddox, Associate Atty. Gen., North Carolina Dept. of Justice, Raleigh, N.C., for North Carolina Dept. of Labor.

**ORDER DENYING DEBTOR'S OBJECTION TO CLAIM OF N.C. DEPARTMENT OF LABOR**

GEORGE R. HODGES, Bankruptcy Judge.

1. On April 27, 1987, the Trustee in this Chapter 13 proceeding filed a motion to include a claim of the North Carolina Department of Labor, Wage & Hour Division, in the amount of $3,773.89, as a priority claim.

2. Thereafter, the Debtor (hereinafter "Halperin") filed an objection to the claim on the ground that the claim is an indebtedness of E.B. Sportswear, Inc., and not of Halperin. Halperin requested a hearing on his objection.

3. A hearing was held on August 31, 1987, at which both sides presented evidence. Thereafter, the Court invited both sides to submit memoranda of law on the issues raised. Based upon all the evidence submitted, the Court concludes that:

*Statements of Fact*

4. This matter arises in a case under Title 11 of the United States Code (the Bankruptcy Code) and this Court has jurisdiction under 28 U.S.C. § 157(b)(2)(B) and the Standing Order of Reference of the United States District Court for the Western District of North Carolina to this Court.

5. Halperin is an individual debtor in a Chapter 13 proceeding under the Bankruptcy Code, and E.B. Sportswear, Inc. is a debtor in a Chapter 7 proceeding. The North Carolina Department of Labor, proceeding as a common agent on behalf of six former employees of E.B. Sportswear, Ltd. filed proofs of claims in each proceeding because of unpaid wages for work performed in January and February 1986.

6. The evidence showed that all relevant times, Halperin was a 50% owner of E.B. Sportswear, Inc., and served as Vice President, Secretary, Treasurer, and a Director of the Corporation. Halperin managed the office of the business establishment, supervised the cash flow, main-

tained the payroll records on a computer kept in his residence, and signed and distributed payroll checks to the employees. Additionally, he exercised control over hiring, firing, determining pay rates, production activities, etc.

7. In the last few weeks that E.B. Sportswear operated, Halperin gave certain assurances to employees that they would be paid. The company had shipped an order and was expecting to be paid by the customer—which would have covered the company's payroll. Unfortunately, the order was returned and E.B. Sportswear ceased operation. At that time $3,773.89 was due the employees for unpaid wages.

8. The Department of Labor asserts that Halperin is personally liable for the employees' unpaid wages because he was an "employer" within the meaning of the Wage and Hour Act.

### Discussion

9. N.C.Gen.Stat. § 95–25.2(5) defines an "employer" under the Wage and Hour Act as *"any person acting directly or indirectly in the interest of an employer in relation to an employee."* (emphasis added) This is the same definition as under the Fair Labor Standards Act, ("F.L.S.A."), 29 U.S.C. § 203(d).

10. Pursuant to Administrative Rule Title 13 N.C.A.C. 12.0103, where the North Carolina General Assembly has adopted the language or terminology of the F.L.S.A. for the purpose of facilitating and simplifying compliance by employers with both federal and state labor laws, the North Carolina Department of Labor looks to the judicial and administrative interpretation and rulings established under federal law as a guide for interpreting the North Carolina law.

11. A well-established body of federal case law exists which holds individuals jointly and severally liable with a corporate employer for unpaid wages, under the F.L.S.A., where the individuals served as part owners, officers and directors of the corporation and were involved in the management of the corporation. *See Donovan v. Agnew,* 712 F.2d 1509 (1st Cir.1983); *Wirtz*

*v. Soft Drinks of Shreveport, Inc., et al.,* 336 F.Supp. 950 (W.D.La.1971); *Donovan v. Grim Hotel, et al.,* 747 F.2d 966 (5th Cir.1984), *cert. denied,* 471 U.S. 1124, 105 S.Ct. 2654, 86 L.Ed.2d 272 (1985); *Donovan v. Captain Bill's, Inc.,* 26 W.H. Cases 497 (BNA) (E.D.N.C.1983) [available on WEST-LAW, 1982 WL 2103]. The key test established by these cases is whether the individual asserted sufficient "control" to justify liability for wages. Here, Halperin controlled virtually every aspect of these employees' work lives. Although not done maliciously, Halperin made the decision to keep the employees working when there was insufficient cash flow available to meet the payroll. In the circumstances of this case the Court believes that Halperin should be personally liable for that decision.

Based upon the foregoing, the Court concludes as a matter of law that:

12. Halperin was an "employer" as defined by N.C.Gen.Stat. § 95–25.2(5).

13. Halperin is jointly and severally liable with E.B. Sportswear, Inc. for the payment of the unpaid wages listed on the Proof of Claim filed by the N.C. Department of Labor.

14. Under § 507 of the Bankruptcy Code, payment of the employee claims should be awarded priority status.

Therefore, IT IS ORDERED that

1. Debtor's objection to the claim of North Carolina Department of Labor is denied and the claim is allowed;

2. The claim of the North Carolina Department of Labor is awarded priority status under § 507(a).